COMMISSIONER OF BANKS, petitioner, *in re* H. SLOBODKIN, INCORPORATED.

Suffolk.    October 18, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, & JENNEY. JJ.

*Trust Company,* In liquidation, Bond under G. L. c. 169, §§ 2, 3.

Creditors who had delivered money for safe-keeping and for transmission to foreign countries to a banking corporation, of whose property and business the commissioner of banks thereafter had taken possession for purposes of . liquidation, after they have received a portion of their claims from the

proceeds of a bond given by the banking corporation to the State treasurer as required by G. L. c. 169, § 2, are entitled to receive from the general assets of the banking corporation a dividend computed on the basis of the amount remaining due on their claims after deducting the sums paid them from the proceeds of the bond and not on the basis of the full original face of their claims.

PETITION, filed in the Supreme Judicial Court on June 25, 1923, by the commissioner of banks in possession of the property and business of H. Slobodkin, Incorporated, for authority to allow certain claims and to declare certain dividends.

The petition was heard by *Pierce*, J., who ordered the entry of a decree authorizing the petitioner to pay the dividends as he requested and, at the petitioner's request, reserved the case for determination by this court on the question, " whether the liability to safe-keeping and foreign transmission creditors is reduced by the amount paid them from the proceeds of the bond given under G. L. c. 169, §§ 2 and 5 . . . "

The case was submitted on a brief.

*D. J. Maloney*, for the petitioner.

RUGG, C.J. This is a petition under G. L. c. 167, § 31, for authority to declare a dividend to the creditors of H. Slobodkin, Incorporated, which is in process of liquidation under that chapter. The pertinent facts are that this corporation gave a bond to the State treasurer as required by G. L. c. 169, § 2, to secure those of its creditors who delivered to it money for safe-keeping and for transmission to foreign countries. The amount of that bond has been collected and paid to the classes of creditors thereby secured. The question to be decided is whether those classes of creditors are now entitled to share with the general creditors in the payment of a dividend out of general assets of the corporation (1) on the basis of the full face of their claims, or (2) on the basis of the amount remaining due on their claims after deducting the sums paid them from the proceeds of the bond.

The bond provided that its full amount should be paid " for the benefit of the persons making such deposits and of

such persons who shall deliver money to it (or them) for transmission to a foreign country." It is provided by G. L. c. 169, § 3, that the money received on such bond " shall constitute a trust fund " for the benefit of the classes of creditors thereby secured and that " such beneficiaries shall be entitled to an absolute preference as to such money . . . over all general creditors."

This case is governed in principle by *Commissioner of Banks in re Cosmopolitan Trust Co.* 241 Mass. 346, where it was held that dividends to depositors in the savings departments of trust companies in liquidation out of general assets should be paid on the balance remaining after deducting the dividends paid to and property sequestered for such depositors out of special securities established by the law for their primary and exclusive benefit until paid in full. The " absolute preference " of G. L. c. 169, § 3, which is given to the special beneficiaries in the present case, is no more explicit than the provision of G. L. c. 172, § 63, that certain assets " shall be held as security " for the benefit of depositors in savings departments of trust companies, so far as the question here at issue is concerned. No sound distinction can be drawn between the case at bar and that decision. Its reasoning need not be repeated or amplified. It is decisive of the case at bar. The grounds there stated distinguish *Cabot Bank* v. *Bodman*, 11 Gray, 134, and *Sohier* v. *Loring*, 6 Cush. 537, from the case at bar.

> *Decree to be entered authorizing payment of dividend in accordance with prayer of the petition.*